```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

PATRICK HILLENDALE,

                          Petitioner,
                                                    04-CR-6020T
                                                    05-CV-6411T

                  v.                                DECISION
                                                    and ORDER
UNITED STATES OF AMERICA,

                          Respondent.
_____
```

INTRODUCTION

Patrick Hillendale, proceeding *pro se*, petitions this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2255 requesting that his sentence, imposed by this Court pursuant to a plea agreement, be set aside or corrected because his defense counsel provided ineffective assistance for failing to object to his criminal history calculation and for failing to appeal the sentence. Additionally, petitioner claims that the criminal history category calculation used in his presentence report was incorrect because the government relied on unauthenticated documents.

The government opposes Hillendale's petition, on grounds that, inter alia, the plea as a whole and the waivers within, were made intelligently, knowingly, and voluntarily, and, thus the petitioner presents no basis upon which the requested relief can be granted.

BACKGROUND

On February 5, 2004, a federal grand jury returned an Indictment against the defendant, Patrick Hillendale, charging him with a violation of 18 U.S.C. § 922 (g)(1), being a felon in possession of a firearm and ammunition. The charge carries a maximum possible sentence of a term of imprisonment of ten (10) years, a fine of up to $250,000, or both, and a term of supervised release of at least two (2) years and up to three (3) years.

On May 25, 2004, pursuant to a written plea agreement with the government, Hillendale entered a guilty plea to Count 1 of the Indictment. The plea agreement called for the Court to impose an agreed sentence of 84 months incarceration in accordance with Rule 11(c)(1)(C)of the Federal Rules of Criminal Procedure. As part of his plea, Hillendale specifically agreed that he would not appeal or collaterally attack any sentence of imprisonment equal to the agreed 84 months.

On August 10, 2004, this Court sentenced Hillendale to an 84-month term of imprisonment-the exact term agreed upon in the plea agreement, together with a three-year term of supervised release, and a special assessment of $100. Hillendale did not directly appeal his conviction or sentence.

On July 28, 2005, Hillendale filed this motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255.

## DISCUSSION

I. Waiver of Appeal and Collateral Attack

The Second Circuit has held:

> [A] defendant who has secured the benefits of a plea agreement and knowingly and voluntarily waived the right to appeal a certain sentence [may not] then appeal the merits of a sentence conforming to the agreement. Such a remedy would render the plea bargaining process and resulting agreement meaningless.

United States v. Salcido-Contreras, 990 F.2d 51, 53 (2d Cir.), cert denied, 509 U.S. 931 (1993). The rationale for this holding is clear and well established:

> Plea agreements can have extremely valuable benefits to both sides –most notably, the defendant gains reasonable certainty as to the extent of his liability and punishment, and the Government achieves a conviction without the expense and effort of proving the charges at trial beyond a reasonable doubt...The waiver [of appeal] provision is a very important part of the agreement–the Government's motivating purpose, decreased effort and expense of protracted litigation, is not well-met if the defendant is permitted to appeal that to which he has agreed.

United States v. Rosa, 123 F.3d 94, 97 (2d Cir. 1997).

Furthermore, "A defendant's waiver of his right to appeal and/or collaterally attack his sentence is generally enforceable as long as the record contains sufficient evidence to establish that

the defendant knowingly and voluntarily waived these rights." <u>Campusano v. United States</u>, No. 03-2982, 2004 U.S. Dist. LEXIS 16083, at *8, (S.D.N.Y. August 10, 2004).

Pursuant to the plea agreement, Hillendale agreed that he would neither appeal nor collaterally attack his sentence in exchange for the reasonable certainty that the extent of his punishment would be 84 months. Hillendale received what he bargained for when the court sentenced him to 84 months as provided in the plea agreement, and accordingly he waived his right to appeal and/or collaterally attack that sentence. Moreover, Hillendale's plea was made intelligently, knowingly, and voluntarily based on his responses under oath during the plea colloquy including his waiver to appeal and/or collaterally attack his sentence. Furthermore, even if petitioner had not waived his right to appeal or collaterally attack his sentence all of his remaining claims are without merit as explained below.

II. <u>Ineffective Assistance of Counsel</u>

For a petitioner to make a successful ineffective assistance of counsel claim, he must show that his counsel's performance was deficient and that the deficiency was prejudicial to his case. <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984).

A. <u>Failure to Appeal</u>

Petitioner argues that his defense counsel provided ineffective assistance for failing to directly appeal his sentence. However, it is well settled that "an attorney cannot be

faulted for failure to pursue an appeal that was legally barred." Hargrove v. United States, 2004 WL 2123497, at *3 (W.D.N.Y. Aug. 10, 2004); Alcantara v. United States, No. 02-cv-5991, 2003 U.S. Dist. LEXIS 308, at *6-7 (S.D.N.Y. Jan 9, 2003)("[defendant] waived his right to an appeal and is therefore precluded from asserting an ineffective assistance claim based on counsel's failure to file a notice of appeal.") Here, counsel could not have appealed petitioner's sentence because the petitioner knowingly, intelligently, and voluntarily waived his right to appeal, thus counsel's failure to appeal does not constitute ineffective assistance of counsel.

B. Calculation of Criminal History

Petitioner claims that defense counsel erred by failing to object to his criminal history calculation. When using a prior conviction to calculate a criminal history category, it is the defendant's burden to show that a prior conviction was unconstitutional. United States v. Collins, 415 F.3d 304, 316-317 (4th Cir. 2005). At no time during *any proceeding* did petitioner object to the calculations made in his presentence report and in particular his criminal history calculation. The record is clear that petitioner discussed the plea agreement which indicated his criminal history calculation with his attorney. Petitioner agreed to its terms both verbally under oath to the court and by his signature in the agreement.

Furthermore, a district court can make findings with respect to a defendant's criminal history, be they findings of fact of the prior convictions or the nature of those convictions. United States v. Williams, 410 F.3d 397, 401-402 (7th Cir. 2005). Here, according to the transcript, there were no objections to the calculations contained in the presentence report and accordingly, the court adopted those statements, including the prior convictions and the criminal history category as "[its]findings of fact." The defendant is therefore barred from claiming that his attorney's failure to object to the calculation constituted ineffective assistance of counsel.

Simply put, petitioner fails to meet his burden of substantiating his claim of ineffective assistance of counsel. Defense counsel negotiated a favorable plea for Hillendale which significantly limited his incarceration exposure from 120 months to 84 months. The record clearly reveals that counsel's performance was not deficient but appropriate and beneficial to his client since he received a reduced sentence of 84 months.

III. Unauthenticated Documents and Improper Criminal History Category

Lastly, the petitioner claims that the presentence report consisted of "unauthenticated" documents which when included placed him in an improper criminal history category of V when he should have been placed in a criminal history category of I. 18 U.S.C. § 3661 specifically provides that:

No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence.

Therefore, petitioner's criminal history calculation was correct when including petitioner's prior convictions.

## CONCLUSION

For the reasons set forth above, Hillendale's petition is denied with prejudice. The government's motion to dismiss is granted.

  ALL OF THE ABOVE IS SO ORDERED.


                                    S/Michael A. Telesca
                                    MICHAEL A. TELESCA
                                    United States District Judge

Dated:   Rochester, New York
         January 25, 2006